# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

DIOCESE OF SAINT PETERSBURG, INC.,

    Plaintiff,

v.                                            CASE NO: 8:17-CV-886-T-30AEP

NATIONAL UNION FIRE INSURANCE
COMPANY OF PITTSBURGH, PA.,

    Defendant.
_____/

## ORDER

THIS CAUSE comes before the Court upon Defendant's Motion to Dismiss Count II (Dkt. 5) and Plaintiff's Response in Opposition (Dkt. 10). The Court, having reviewed the motion, response, and being otherwise advised in the premises, concludes that the motion should be denied.

## BACKGROUND

Plaintiff Diocese of Saint Petersburg, Inc. filed the instant action against Defendant National Union Fire Insurance Company of Pittsburgh, Pa. to collect on a default judgment Plaintiff obtained against Defendant's insured, Unisource Administrators, Inc. Plaintiff is a religious organization that oversees the activities of hundreds of religiously-affiliated organizations, including schools and churches. One of Plaintiff's responsibilities in overseeing these organizations is to ensure that each organization is properly insured for workers' compensation. Plaintiff contracted with Unisource to perform claims adjusting of

all of Plaintiff's workers' compensation claims. Unisource's responsibilities included coordinating coverage with Plaintiff's excess carrier for workers' compensation claims in excess of Plaintiff's self-insured retention level of $250,000. At all material times, Defendant provided "Miscellaneous Professional Liability" insurance coverage to Unisource and Plaintiff was the Certificate Holder.

Plaintiff alleges that Unisource breached its obligation to notify Plaintiff's excess carrier of a workers' compensation claim filed by Randi Fisher, a former employee of Plaintiff. In 2015, Plaintiff filed a lawsuit against Unisource in state court for damages Plaintiff incurred as a result of Unisource's breach of contract and negligence associated with Fisher's claim. Because Defendant was Unisource's insurer during the relevant time, Plaintiff notified Defendant on several occasions of its claim against Unisource. Plaintiff also repeatedly requested that Defendant provide it with a copy of the insurance policy and other information required by Florida Statute § 627.4137.[1] Defendant never responded to any of Plaintiff's correspondence.

On January 5, 2017, Plaintiff obtained a Final Judgment after Default against Unisource in the amount of $388,510.70. Plaintiff then filed this action against Defendant, asserting two claims: (1) a breach of contract claim and (2) a claim of "violation of Florida statute § 627.4137." Defendant moves to dismiss only the claim asserted under § 627.4137 for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure.

---

[1] As explained further below, the purpose of § 627.4137 is to provide third-party claimants with a means to obtain information regarding liability insurance coverage.

Defendant argues that Florida does not recognize a private cause of action for a violation of this particular section. At this stage, the Court disagrees and concludes that Plaintiff may proceed with this claim.

## STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) allows a complaint to be dismissed for failure to state a claim upon which relief can be granted. When reviewing a motion to dismiss, a court must accept all factual allegations contained in the complaint as true, and view the facts in a light most favorable to the plaintiff. *See Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007). However, unlike factual allegations, conclusions in a pleading "are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009). On the contrary, legal conclusions "must be supported by factual allegations." *Id.* Indeed, "conclusory allegations, unwarranted factual deductions or legal conclusions masquerading as facts will not prevent dismissal." *Davila v. Delta Air Lines, Inc.*, 326 F.3d 1183, 1185 (11th Cir. 2003).

## DISCUSSION

Defendant's motion to dismiss seeks to dismiss Plaintiff's claim for violation of Fla. Stat. § 627.4137 based on the premise that such a private right of action does not exist under Florida law. Under § 627.4137, which is titled "Disclosure of certain information required":

> (1) Each insurer which does or may provide liability insurance coverage to pay all or a portion of any claim which might be made shall provide, within 30 days of the written request of the claimant, a statement, under oath, of a corporate officer or the insurer's claims manager or superintendent setting forth the following information with regard to each known policy of insurance, including excess or umbrella insurance:

> (a) The name of the insurer.
> (b) The name of each insured.
> (c) The limits of the liability coverage.
> (d) A statement of any policy or coverage defense which such insurer reasonably believes is available to such insurer at the time of filing such statement.
> (e) A copy of the policy.
> In addition, the insured, or her or his insurance agent, upon written request of the claimant or the claimant's attorney, shall disclose the name and coverage of each known insurer to the claimant and shall forward such request for information as required by this subsection to all affected insurers. The insurer shall then supply the information required in this subsection to the claimant within 30 days of receipt of such request.
> (2) The statement required by subsection (1) shall be amended immediately upon discovery of facts calling for an amendment to such statement.
> (3) Any request made to a self-insured corporation pursuant to this section shall be sent by certified mail to the registered agent of the disclosing entity.

Plaintiff alleges that Defendant repeatedly failed and refused to comply with § 627.4137. Plaintiff also alleges that, "[t]o the extent [Defendant] has any coverage defenses to [Plaintiff's] claim against Unisource, those defenses must be deemed waived as a result of [Defendant's] failure to comply with Florida law." (Dkt. 2 at ¶ 42).

Although there is a dearth of relevant case law on point, the Court concludes that such a claim may be viable when the third-party claimant has obtained a final judgment against the insured (as Plaintiff has here) and the insurance company's violation of § 627.4137 damages the third-party claimant. Florida law supports the Court's conclusion. *See Lucente v. State Farm Mut. Auto. Ins. Co.*, 591 So. 2d 1126, 1128 (Fla. 4th DCA 1992). In *Lucente*, the court denied Lucente's claim against State Farm for violation of § 627.7264 (the prior version of § 627.4137) because Lucente had not yet obtained a judgment against State Farm's insured. But the court recognized that a private cause of action under § 627.7264 may exist.

Specifically, the court stated: "Lucente can only bring an action against State Farm for failing to comply with section 627.7264 after he obtains a judgment against the insured of State Farm." *Id.* Florida's Fifth District Court of Appeals has also suggested that *Lucente* recognized a private right of action for an insurer's failure to provide the insurance information. *See Poteate v. Juliano*, 960 So. 2d 792, 793 (Fla. 5th DCA 2007) ("Affirmed. *See Lucente v. State Farm Mut. Auto. Ins. Co.*, 591 So. 2d 1126, 1128 (Fla. 4th DCA 1992) (holding injured motorist could bring action against tort-feasor's liability insurer for failing to provide requested insurance information only after motorist obtained judgment against tort-feasor)").

Under the current facts, which the Court must assume are true, Plaintiff has adequately alleged a violation of § 627.4137. It is also appropriate for Plaintiff to allege that Defendant's failure to comply with § 627.4137 may waive certain coverage defenses. *See United Auto. Ins. Co. v. Rousseau,* 682 So. 2d 1229 (Fla. 4th DCA 1996) (insurer's policy defense related to the claimant's failure to comply with conditions precedent was not available because the insurer failed to comply with § 627.4137, which mandates that an insurer "shall provide" a copy of the policy "within 30 days of the written request of the claimant."); *Figueroa v. U.S. Security Ins.,* 664 So. 2d 1130 (Fla. 3d DCA 1995) (reversing summary judgment in favor of the insurer on its defense that the insureds failed to timely provide a sworn statement as required under the policy because it was undisputed that the insurer did not comply with the insureds' requests for a copy of the policy). It is axiomatic that Plaintiff cannot know, at this point, what coverage defenses Defendant may assert in this

action because Defendant never provided Plaintiff with any information about the policy and never participated in the litigation between Plaintiff and Unisource.[2]

In conclusion, the Court has found no Florida authority establishing that Plaintiff cannot maintain a § 627.4137 claim under these circumstances, where Plaintiff has obtained a judgment against the insured, where Defendant may assert a coverage defense in this litigation, and where Defendant's failure to provide the insurance information required under § 627.4137 (which, notably, includes any "coverage defense" that the insurer "reasonably believes is available to such insurer") may prejudice Plaintiff's ability to defend against that coverage defense.

It is therefore **ORDERED AND ADJUDGED** that:

1. Defendant's Motion to Dismiss Count II (Dkt. 5) is denied.
2. Defendant shall file its answer to Count II of the complaint within fourteen (14) days of this Order.

**DONE** and **ORDERED** in Tampa, Florida on May 10, 2017.

*/s/ James S. Moody, Jr.*
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record

---

[2] According to Plaintiff's response, Defendant has "yet to provide a copy of the policy." (Dkt. 10).